ROBERT C. SCHUBERT (S.B.N. 62684)
MIRANDA P. KOLBE (S.B.N. 214392)
NOAH M. SCHUBERT (S.B.N. 278696)
SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Ctr Ste 1650
San Francisco, CA 94111-4018
Telephone: 415-788-4220
Facsimile: 415-788-0161

*Attorneys for Plaintiff and the Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES COLLINS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br>DURACELL, INC and THE PROCTER & GAMBLE COMPANY,<br><br>Defendants. | Case No.: CV 12 1778<br><br>**COMPLAINT FOR VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ.* AND §§ 17500 *ET SEQ.* AND VIOLATION OF CAL. CIV. CODE §§ 1750 *ET SEQ.***<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Upon personal knowledge as to his own acts and status, and based upon his investigation, his counsel's investigation, and information and belief as to all other matters, plaintiff James Collins ("Plaintiff" or "Collins"), on behalf of himself and all others similarly situated, alleges as follows:

## SUMMARY OF THE ACTION

1. This is a class action brought on behalf of consumers who purchased Duracell, Inc.'s ("Duracell") premium-priced Ultra Advanced and Ultra Power batteries based on the false promise that Ultra Advanced and Ultra Power batteries would last

longer than Duracell's competing, lower-cost batteries. Plaintiff alleges that Duracell and its parent corporation, The Proctor and Gamble Company ("P&G") (collectively "Defendants"), engaged in a scheme to mislead consumers about the benefits of these premium-priced batteries in violation of California Business and Professions Code §§ 17200 *et seq.* and California Civil Code §§ 1750 *et seq.*

2. Plaintiff alleges that Defendants concealed and misrepresented material facts concerning the true battery life of their Ultra Advanced and Ultra Power products. In reliance on Duracell's marketing scheme, Plaintiff and the Class, as defined *infra*, paid a premium price for batteries with no material difference in battery life than Duracell's lower-priced batteries and were damaged as a result. Plaintiff and the Class seek restitution and injunctive relief for Defendants' false and misleading representations and omissions.

## PARTIES

3. Plaintiff James Collins is a citizen of California and a resident of Alameda, California. During the Class Period, as defined *infra*, Plaintiff purchased Duracell Ultra Advanced and Duracell Ultra Power batteries in California.

4. Defendant Duracell, a wholly-owned subsidiary of P&G, is a Delaware corporation with its principal place of business in Bethel, Connecticut. Duracell maintains extensive contacts within the State of California. On information and belief, Duracell ships its products to distributors in California, sells its products in retail stores in California, and advertises its products in California.

5. Defendant P&G is an Ohio corporation with its principal place of business in Cincinnati, Ohio. P&G maintains extensive contacts within the State of California. On information and belief, P&G ships its products to distributors in California, sells its products in retail stores in California, and advertises its products in California. P&G also maintains corporate offices in California and employs workers in California.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) because the amount in controversy exceeds $5,000,000 exclusive of interest and costs, there are more than one hundred Class members, and minimal diversity exists because Plaintiff and numerous members of the Class are citizens of different states than Defendants.

7. This Court has personal jurisdiction over Defendants because Defendants have sufficient minimum contacts with California and/or Defendants otherwise purposely avail themselves of the markets in California through the promotion, marketing, and sale of their products and services in California to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper under 28 U.S.C. § 1391(a) because (1) Defendants are subject to personal jurisdiction in the Northern District of California, and (2) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Defendants engaged in the extensive promotion, marketing, distribution, and sales of the products at issue in this District, and Plaintiff is a resident of this District and purchased the products at issue in this District.

9. Intradistrict Assignment: Pursuant to Civil L.R. 3-2(c) and 3-5(b), assignment to the San Francisco and Oakland Division of the Northern District of California is proper, because a substantial part of the events or omissions which give rise to the claim occurred in this Division or a substantial part of the property subject to the action is situated in this Division. Defendants engaged in the extensive promotion, marketing, distribution, and sales of the products at issue in this Division, and Plaintiff is a resident of this Division and purchased the products at issue in this Division.

CLASS ACTION COMPLAINT

**FACTS**

10. Duracell is a wholly-owned subsidiary of P&G and describes itself as "the world's leading manufacturer of high-performance alkaline batteries."

11. In 2011, the U.S. market for consumer batteries was approximately $13 billion. Duracell's share of the global market for consumer batteries was approximately 25%.

12. Duracell sells both primary (disposable) and secondary (rechargeable) batteries for use in consumer products. Current primary battery products include Duracell CopperTop and Duracell Ultra Power (previously branded as Duracell Ultra Advanced). Secondary battery products include Duracell Rechargeable and Duracell Rechargeable StayCharged.

13. On November 5, 2009, Duracell announced its new Ultra Advanced battery, which was available in AA and AAA sizes. In its press release announcing Ultra Advanced, Duracell described the product as follows:

> The Duracell Ultra Advanced battery line is designed to meet the demands of the widest range of devices consumers rely on to protect and enjoy their lives including flashlights, smoke detectors, baby monitors and radios. As the latest product in the Duracell Smart Power portfolio, **Ultra Advanced with POWERCHECK lasts up to 30 percent longer in toys than the previous Ultra Digital, which is the largest category for battery usage and a key torture test for batteries.**

(emphasis added).

14. Throughout the Class Period, the product packaging for Duracell Ultra Advanced batteries included the statement, "Up to 30% Longer in Toys*" with an asterisk that included the disclaimer "vs. Ultra Digital" in small print. This product package is displayed at the top of the following page:



15. In addition, Duracell's web site stated on the product page for Duracell Ultra Advanced: "Ideal for high-drain devices, these batteries give you up to 30% more power in toys than Ultra Digital batteries" and "Use with high drain devices, including battery-powered toys, high-powered flashlights, and video game controllers."

16. However, based on Plaintiff's counsel's investigation, Duracell Ultra Advanced batteries fail to last materially longer than Duracell's other alkaline batteries. Despite Defendants' representations to the contrary, there is no meaningful difference in battery life between Duracell Ultra Advanced and Duracell's other alkaline batteries.

17. Beginning in approximately January 2012, Defendants began to phase out their Ultra Advanced batteries and replace them with batteries branded as "Ultra Power." Duracell's web site product pages replaced the Ultra Power brand with the Ultra Advanced brand, and the Ultra Power brand also began replacing the Ultra Advanced brand in retail stores.

18. Both the Ultra Advanced and Ultra Power branded batteries use the same model number, MX1500, and there is no discernible difference between the two batteries, absent the change in branding and marketing.

19. On the product packaging for Duracell Ultra Power batteries, Defendants prominently state that the battery is "Our Longest Lasting" on the front of the package. On the back of the package, Defendants also include a chart indicating that Duracell CopperTop batteries are "For Everyday Devices" and Duracell Ultra Power batteries are for "When It Matters Most." The product package for Duracell Ultra Power batteries is displayed below:

20. On Duracell's web site for Ultra Power, Defendants describe Ultra Power



as "Our Longest Lasting" and state, "Ultra Power is Duracell's most powerful alkaline battery. If you're using a device that requires high battery output, Ultra Power is the way to go." Duracell's web site also states that "Duracell Ultra Power batteries offer premium power for many of your devices, including: Battery-powered toys, Video game controllers, High-powered flashlights, Digital cameras, and Radio clocks."

21. However, based on Plaintiff's counsel's investigation, Duracell Ultra Power batteries fail to last materially longer than Duracell's other alkaline batteries. Despite Defendants' representations to the contrary, there is no meaningful difference in battery life between Duracell Ultra Power and Duracell's other alkaline batteries.

22. Defendants conspicuously failed to disclose that Ultra Advanced and Ultra Power branded batteries provide no material difference in battery life from any of their other alkaline battery products. Coupled with their statements on the products' packaging that their batteries would either last "up to 30% longer" or are "our longest lasting," Defendants' glaring omission that there is no material difference between their alkaline batteries would—and did—mislead reasonable consumers.

23. Because Defendants' claims were placed directly on the front of the products' packaging—and there is no corresponding disclosure that Duracell's batteries do not materially differ in battery life—a reasonable consumer would likely be misled into believing that Duracell's Ultra Advanced and Ultra Power products would last longer than Duracell's regular alkaline batteries. This deception occurs directly at the point of sale when it is most likely to affect a consumer's purchasing decision.

24. As a result of Defendants' deceptive marketing scheme, consumers purchased Duracell's Ultra Advanced and Ultra Power batteries based on the false belief that the batteries would last longer than Duracell's regular alkaline batteries. These customers paid significantly higher prices with no meaningful additional benefits.

25. Duracell Ultra Advanced and Ultra Power batteries retail at a substantial premium price over Duracell's standard CopperTop batteries and cost on average $0.30 more per battery (or $2.40 per eight-pack). Therefore, all consumers who purchased Ultra Advanced or Ultra Power batteries have been injured by Defendants' deceptive marketing scheme and are owed restitution.

## PLAINTIFF JAMES COLLINS

26. In 2010, Collins purchased a 30-pack of Duracell Ultra Advanced batteries in size AA from a retail store in California. Collins saw the deceptive representations on the product packaging that Duracell Ultra Advanced batteries lasted "up to 30% longer" and believed that the batteries would last longer than Duracell's other batteries. Due to Defendants' omissions, Collins did not know that there was no material difference

between the battery life of Duracell Ultra Advanced batteries and Duracell's other alkaline batteries. Had Collins known that Duracell Ultra Advanced batteries did not last materially longer than Duracell's other alkaline batteries, Collins would not have purchased Duracell Ultra Advanced batteries.

27. In late 2010 and early 2011, Collins purchased two 30-packs of Duracell Ultra Power batteries in size AA from a retail store in California. Collins saw the deceptive representations on the product packaging that Duracell Ultra Power batteries were Duracell's "longest lasting" batteries and believed that the batteries would last longer than Duracell's other batteries. Due to Defendants' omissions, Collins did not know that there was no material difference between the battery life of Duracell Ultra Power batteries and Duracell's other alkaline batteries. Had Collins known that Duracell Ultra Power batteries did not last materially longer than Duracell's other alkaline batteries, Collins would not have purchased Duracell Ultra Advanced batteries.

28. Collins has been injured by paying more for Duracell Ultra Advanced and Duracell Ultra Power batteries than he would have absent Defendants' deception.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this class action on behalf of himself and all others similarly situated in California as members of a proposed Class defined as follows:

> **All persons who purchased Duracell Ultra Advanced or Duracell Ultra Power batteries in the State of California during the period beginning four years prior to the date of filing of this complaint through the present (the "Class Period").**

30. Within the Class, there is one subclass for purposes of Plaintiff's claim under the Consumer Legal Remedies Act (the "CLRA Subclass" or "Subclass"). The proposed CLRA Subclass is defined as follows:

> **All Class members who purchased Duracell Ultra Advanced or Duracell Ultra Power batteries for personal, family, or household purposes during the Class Period.**

31. Excluded from the Class and Subclass are governmental entities, Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, coconspirators, successors, subsidiaries, and assigns. Also excluded from the Class and Subclass are any judges, justices, or judicial officers presiding over this matter and the members of their immediate families and judicial staff.

32. This action is brought and may properly be maintained as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these rules.

33. ***Numerosity Under Rule 23(a)(1).*** The Class and Subclass are so numerous that the individual joinder of all members is impracticable. While the Class's and Subclass's exact number and the identity of Class and Subclass members are currently unknown and can only be ascertained through appropriate discovery, Plaintiff, on information and belief, alleges that the Class and Subclass include at least hundreds of thousands of individuals.

34. ***Commonality Under Rule 23(a)(2).*** Common legal and factual questions exist that predominate over any questions affecting only individual Class or Subclass members. These common questions, which do not vary among Class members and which may be determined without reference to any Class member's individual circumstances, include, but are not limited to:

   A. Whether Defendants' representations regarding their Ultra Advanced and Ultra Power batteries were false and misleading;

   B. Whether Defendants' failure to disclose that their Ultra Advanced and Ultra Power batteries did not last materially longer than their other alkaline batteries would mislead a reasonable consumer;

   C. Whether Duracell Ultra Advanced and Ultra Power batteries last

materially longer than their other alkaline batteries;

    D. Whether Defendants charged a price premium for their Ultra Advanced and Ultra Power batteries;

    E. Whether Defendants engaged in unfair, unlawful, and/or deceptive business practices regarding their Ultra Advanced and Ultra Power batteries in violation of the California Unfair Competition Law ("UCL");

    F. Whether Defendants conduct alleged herein constitutes false advertising in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq*;

    G. Whether Defendants represented, through their words or conduct, that Duracell Ultra Advanced and Duracell Ultra Power batteries had characteristics, uses, or benefits that they did not actually have in violation of the California Consumer Legal Remedies Act ("CLRA");

    H. Whether Defendants advertised Duracell Ultra Advanced and Duracell Ultra Power batteries with the intent not to sell them as advertised in violation of the CLRA; and

    I. Whether Plaintiff and the Class have been damaged by the wrongs complained of herein, and if so, whether Plaintiff and the Class are entitled to injunctive and/or other equitable relief, including restitution, and if so, the nature and amount of such relief.

35. ***Typicality Under Rule 23(a)(3).*** Plaintiff's claims are typical of the Class and Subclass members' claims. Defendants' common course of conduct caused Plaintiff and all Class members the same harm. In particular, Defendants' conduct caused each Class member's economic losses. Likewise, Plaintiff and other Class members must prove the same facts in order to establish the same claims.

36. ***Adequacy of Representation Under Rule 23(a)(4).*** Plaintiff is an

adequate Class and Subclass representative because he is a Class and Subclass member, and his interests do not conflict with Class or Subclass interests. Plaintiff retained counsel competent and experienced in consumer protection class actions, and Plaintiff and his counsel intend to prosecute this action vigorously for the Class's benefit. Plaintiff and his counsel will fairly and adequately protect Class interests.

37. The Class and Subclass can be properly maintained under Rule 23(b)(2). Defendants have acted or refused to act, with respect to some or all issues presented in this Complaint, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

38. The Class and Subclass can be properly maintained under Rule 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual litigation of each Class member's claim is impracticable. Even if each Class member could afford individual litigation, the court system could not. It would be unduly burdensome if thousands of individual cases proceed. Individual litigation also presents the potential for inconsistent or contradictory judgments, the prospect of a race to the courthouse, and the risk of an inequitable allocation of recovery among those with equally meritorious claims. Individual litigation would increase the expense and delay to all parties and the courts because it requires individual resolution of common legal and factual questions. By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**(Violation Of Cal. Bus. & Prof. Code**
**§§ 17200, *et seq.*—"Unfair" Conduct)**

39. Plaintiff, individually and on behalf of the Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint.

40. Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in

fact and has lost money or property as a result of Defendants' actions as set forth above.

41. Defendants' actions as alleged in this complaint constitute "unfair" conduct within the meaning of California Business and Professions Code §§ 17200 *et seq.*

42. Defendants' business practices, as alleged herein, are "unfair" because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to their customers. Additionally, Defendants' conduct is "unfair" because Defendants' conduct violated the legislatively declared policies in California's False Advertising Law (Bus. & Prof. Code §§ 17500 *et seq.*) and the Consumer Legal Remedies Act (Civ. Code §§ 1750 *et. seq.*). Defendants misled consumers into believing that their Duracell Ultra Advanced and Duracell Ultra Power batteries would last longer than their other alkaline batteries when, in fact, there was no material difference in battery life. Defendants concealed this fact from consumers by failing to include it on their products' packaging or related marketing materials.

43. As a result of Defendants' "unfair" conduct, Plaintiff and members of the Class spent money on premium-priced Ultra Advanced and Ultra Power batteries that they would not otherwise have spent and did not receive the increased battery life promised by Defendants.

44. Defendants' wrongful business practices alleged herein constitute a continuing course of unfair competition because Defendants marketed and sold their products in a manner that offends public policy and/or in a fashion that is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to their customers.

45. Plaintiff and the Class seek an order requiring Defendants to make full restitution of all moneys they have wrongfully obtained from Plaintiff and the Class, along with all other relief permitted under Bus. & Prof. Code §§ 17200 *et seq.*

## SECOND CLAIM FOR RELIEF
(Violation Of Cal. Bus. & Prof. Code
§§ 17200, *et seq.*—"Fraudulent" Conduct)

46. Plaintiff, individually and on behalf of the Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint.

47. Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Defendants' actions as set forth above.

48. Defendants' actions as alleged in this complaint constitute "fraudulent" conduct within the meaning of California Business and Professions Code §§ 17200 *et seq.*

49. Defendants' business practices, as alleged herein, are "fraudulent" because they are likely to deceive consumers, including Plaintiff and members of the Class.

50. Defendants failed to disclose all material information to purchasers of Duracell Ultra Advanced and Duracell Ultra Power batteries concerning the true battery life of these products and affirmatively concealed the fact that there is no material difference between Ultra Advanced and Ultra power batteries and Duracell's other alkaline battery products.

51. As a result of Defendants' "fraudulent" conduct, Plaintiff and members of the Class spent money on premium-priced Ultra Advanced and Ultra Power batteries that they would not otherwise have spent and did not receive the increased battery life promised by Defendants.

52. Defendants' wrongful business practices alleged herein constituted a continuing course of unfair competition since Defendants marketed and sold their products in a manner that was likely to deceive customers.

53. Plaintiff and the Class seek an order requiring Defendants to make full restitution of all moneys they have wrongfully obtained from Plaintiff and the Class, along with all other relief permitted under Bus. & Prof. Code §§ 17200 *et seq.*

## THIRD CLAIM FOR RELIEF
### (Violation Of Cal. Bus. & Prof. Code §§ 17200, *et seq.*—"Unlawful" Conduct)

54. Plaintiff, individually and on behalf of the Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint.

55. Plaintiff has standing to pursue this claim as Plaintiff has suffered injury in fact and has lost money or property as a result of Defendants' actions as set forth above.

56. Defendants' actions as alleged in this complaint constitute an "unlawful" practice within the meaning of Business and Professions Code §§ 17200 *et seq.*, because Defendants' actions were "unfair" and "fraudulent," as alleged above, because they violated Business and Professions Code §§ 17500 *et seq.*, which proscribes false advertising, as alleged *infra*, and because they violated Civil Code §§ 1750 *et seq.*, the Consumer Legal Remedies Act, as alleged *infra*.

57. As a result of Defendants' "unlawful" conduct, Plaintiff and members of the Class spent money on premium-priced Ultra Advanced and Ultra Power batteries that they would not otherwise have spent and did not receive the increased battery life promised by Defendants.

58. Plaintiff and the Class seek an order requiring Defendants to make full restitution of all moneys they have wrongfully obtained from Plaintiff and the Class, along with all other relief permitted under Bus. & Prof. Code §§ 17200 *et seq.*

## FOURTH CLAIM FOR RELIEF
### (Violation Of Cal. Bus. & Prof. Code §§ 17500, *et seq.*—False Advertising)

59. Plaintiff, individually and on behalf of the Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Complaint.

60. Plaintiff brings this claim for relief on behalf of himself and the Class.

61. Defendants engaged in advertising and marketing to the public and offered for sale Duracell Ultra Advanced and Duracell Ultra Power batteries in California.

62. Defendants engaged in the advertising and marketing alleged herein with the intent to directly or indirectly induce the sale of their Ultra Advanced and Ultra Power batteries to consumers like Plaintiff.

63. Defendants' advertising and marketing representations regarding the battery life of their Ultra Advanced and Ultra Power products were false, misleading, and deceptive as set forth in detail above. Defendants also concealed material information from consumers about the battery life of their Ultra Advanced and Ultra Power products.

64. Defendants' misrepresentations and omissions alleged herein deceive or have the tendency to deceive the general public regarding the benefits of purchasing Ultra Advanced or Ultra Power batteries.

65. Defendants' misrepresentations and omissions alleged herein were the type of misrepresentations that are material, i.e., a reasonable person would attach importance to them and would be induced to act on the information in making purchase decisions.

66. Defendants' misrepresentations and omissions alleged herein are objectively material to a reasonable consumer, and therefore reliance upon such misrepresentations may be presumed as a matter of law.

67. At the time they made the misrepresentations and omissions alleged herein, Defendants knew or should have known that they were untrue or misleading and acted in violation of Bus. & Prof. Code §§ 17500 *et seq.*

68. Unless restrained by this Court, Defendants will continue to engage in untrue and misleading advertising, as alleged above, in violation of Cal. Bus. & Prof Code §§ 17500, *et. seq.*

69. As a result, Plaintiff and each member of the Class has been injured, has lost money or property, and is entitled to relief. Plaintiff and the Class seek restitution, injunctive relief, and all other relief permitted under Bus. & Prof. Code §§ 17500 *et seq.*

# FIFTH CLAIM FOR RELIEF
## (Violation Of Cal. Civ. Code §§ 1750, *et seq.*—Consumer Legal Remedies Act)

70. Plaintiff, individually and on behalf of the CLRA Subclass, incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint.

71. Defendants are "persons" as defined in Cal. Civ. Code § 1761(c).

72. Plaintiff and the Subclass members are "consumers" as defined in Cal. Civ. Code § 1761(d).

73. The Duracell Ultra Advanced and Ultra Power batteries that Plaintiff and the Subclass purchased from Defendants are "goods" within the meaning of Cal. Civ. Code § 1761(a).

74. The purchases by Plaintiff and the Subclass of the goods sold by Defendants, alleged herein, constitute "transactions" within the meaning of Cal. Civ. Code §§ 1761(e) and 1770.

75. In connection with their sale of goods to Plaintiff and the Subclass, Defendants violated the CLRA by:

  A. Misrepresenting to Plaintiff and the Subclass that Duracell Ultra Advanced and Ultra Power batteries would last longer than Duracell's other alkaline batteries, when they in fact do not, in violation of Cal. Civ. Code §§ 1770(a)(5), (7), (9), (14), and (16);

  B. Misrepresenting to Plaintiff and the Subclass that Defendants' goods had characteristics and benefits they did not have, in violation of Cal. Civ. Code § 1770(a)(5);

  C. Representing to Plaintiff and the Subclass that Defendants' goods were of a particular standard, quality, or grade, when they were of another in violation of Cal. Civ. Code § 1770(a)(7);

  D. Advertising goods to Plaintiff and the Subclass with the intent not to sell them as advertised, in violation of Cal. Civ. Code §

1770(a)(9);

E. Misrepresenting that their transactions with Plaintiff and the Subclass conferred benefits and rights on Plaintiff and the Subclass, and obligations on Defendants, which were not, in fact, conferred, in violation of Cal. Civ. Code § 1770(a)(14); and

F. Misrepresenting to Plaintiff and the Subclass that the subject of a transaction has been supplied in accordance with a previous representation when it had not, in violation of Cal. Civ. Code § 1770(a)(16).

76. In addition, under California law, a duty to disclose arises in four circumstances: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts.

77. Defendants had a duty to disclose to Plaintiff and the Subclass the true battery life of their Duracell Ultra Advanced and Ultra Power products for the following three independent reasons: (a) Defendants had exclusive knowledge of the information at the time of sale; (b) Defendants actively concealed from Plaintiff and the Subclass the true battery life of Ultra Advanced and Ultra Power products, which was material to customers; and (c) Defendants made partial representations to Plaintiff and the Subclass regarding the battery life of their Ultra Advanced and Ultra Power products.

78. Defendants violated the CLRA by concealing material information from Plaintiff and the Subclass regarding the true battery life of their Ultra Advanced and Ultra Power products.

79. Defendants' misrepresentations and omissions in violation of the CLRA were likely to mislead consumers. Plaintiff and the Subclass reasonably believed

Defendants' representations and omissions to mean that Ultra Advanced and Ultra Power batteries would last longer than Duracell's other alkaline batteries.

80. Defendants' conduct alleged herein was intentional and was specifically designed to induce customers to purchase more expensive Ultra Advanced and Ultra Power batteries.

81. Defendants' misrepresentations and omissions alleged herein were material in that a reasonable person would attach importance to the information and would be induced to act upon the information in making purchase decisions.

82. Plaintiff and the Subclass relied to their detriment on Defendants' misrepresentations and omissions in purchasing Ultra Advanced and Ultra Power batteries.

83. Plaintiff, on behalf of himself and the Subclass, demands judgment against Defendants under the CLRA for injunctive relief to Plaintiff and the Subclass.

84. Plaintiff, on behalf of himself and the Subclass, further intends to seek compensatory damages and, in light of Defendants' intentional and fraudulent conduct, an award of punitive damages.

85. Pursuant to Cal. Civ. Code § 1782(a), Plaintiff will serve Defendants with notice of their alleged violations of the CLRA by certified mail return receipt requested. If, within thirty days after the date of such notification, Defendants fail to provide appropriate relief for their violation of the CLRA, Plaintiff will amend this Complaint to seek monetary (both compensatory and punitive) damages under the CLRA.

86. Notwithstanding any other statements in this Complaint, Plaintiff does not seek monetary damages in conjunction with his CLRA claim—and will not do so—until this thirty-day period has passed.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and the Class, requests that the Court order the following relief and enter judgment against Defendants as follows:

A. An Order certifying the proposed Class and Subclass under Fed. R. Civ. P. 23 and appointing Plaintiff and his counsel to represent the Class;

B. A declaration that Defendants have engaged in the illegal conduct alleged herein;

C. An Order that Defendants be permanently enjoined from their improper activities and conduct described herein;

D. A judgment awarding Plaintiff and the Class restitution in an amount according to proof, including without limitation, restitution of, disgorgement of, and/or the imposition of a constructive trust upon, all profits, benefits, and other compensation obtained by Defendants from their deceptive, misleading, and unlawful conduct alleged herein;

E. Pre-judgment and post-judgment interest at the maximum allowable rate;

F. Attorneys' fees and expenses and the costs of this action; and

G. All other relief that the Court deems necessary, just, and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated: April 10, 2012                          SCHUBERT JONCKHEER & KOLBE LLP

By: /s/ Noah M. Schubert
Noah M. Schubert

Robert C. Schubert
*rschubert@schubertlawfirm.com*

Miranda P. Kolbe
*mkolbe@schubertlawfirm.com*

Noah M. Schubert
*nschubert@schubertlawfirm.com*

Three Embarcadero Ctr Ste 1650
San Francisco, CA 94111-4018
Telephone: 415-788-4220
Facsimile: 415-788-0161

*Attorneys for Plaintiff*